IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH MCCLAIN, a.k.a. Kenneth Reven McClain, ID # 33793-177,<br>Plaintiff, | )<br>)<br>) | |
| vs. | ) | No. 3:08-CV-2217-K (BH) |
| RAUL A. MORENO, et al.,<br>Defendants. | )<br>)<br>) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On December 15, 2008, the Court received *Plaintiff's Original Complaint* filed pursuant to 42 U.S.C. § 1983 against unknown Dallas and Irving Police Officers. (*See* Compl. at 1.) In response to a questionnaire propounded by the Court, Plaintiff identifies eight police officers who were involved in eight criminal actions instituted against him in the State of Texas ("State").[1] (*See* Resp. to Magistrate Judge's Questionnaire ("MJQ"),[2] doc. 4, [hereinafter "Resp."] and Resp. to MJQ after Continuation Given, doc. 6, [hereinafter "Supp. Resp."].) The relevant events are as follows[3]:

---

[1] Plaintiff names Raul A. Moreno, Michael Spiotta, Jason Rodgers, John Mullinax, Kevin D. Dodds, Timothy Jones, Lowell Johnson, and David Clark as defendants. The Clerk of the Court is directed to update the docket sheet to reflect the newly-named defendants.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[3] Other than the dates of detention noted in the time-line, Plaintiff does not recall the specific dates of detention with respect to his eight state cases. (Resp. at 2.)

| | |
|---|---|
| January 14, 2005 | Plaintiff is arrested in Dallas, Texas, by defendants Timothy Jones and Lowell Johnson in Cause Nos. M05-71331-A and F05-21119-J. (*See* Compl. at 4-6; Supp. Resp. at 10-11.) |
| February 2005 | Plaintiff is arrested in Irving, Texas, by defendant Jason Rodgers on an unspecified date in Cause Nos. M05-34694-A and F05-34424-J. (*See* Compl. at 7-8; Resp. at 3-4.) On February 2 and 3, 2005, Plaintiff is detained in jail on Cause Nos. F05-21119-J and M05-34694-A. (Resp. at 2.) |
| March 22, 2005 | Plaintiff is arrested in Dallas, Texas, by defendants Kevin D. Dodds and Lowell Johnson and an unknown Dallas Police Officer in Cause No. M05-71834-A.[4] (*See* Compl. at 10-11; Supp. Resp. at 6-7.) |
| March 29, 2005 | Plaintiff is arrested in Dallas, Texas, by defendants Kevin D. Dodds and John Mullinax in Cause No. F05-50984-J. (*See* Compl. at 12-13; Supp. Resp. at 8-9.) |
| June 11, 2005 | Plaintiff is arrested in Dallas, Texas, by defendants Raul A. Moreno and Michael Spiotta in Cause No. M05-56688-C. (*See* Compl. at 9-10; Supp. Resp. at 5-6.) |
| July 2005 | Plaintiff is arrested by David Clark in F05-72254-J, and spent July 27 and 28, 2005, in jail on the offense.[5] (*See* Resp. at 2 (identifying dates detained); Supp. Resp. (describing arrest). |
| November 30, 2005 | Plaintiff is arrested on federal criminal charges. *See United States v. McClain*, No. 3:05-CR-0332-G (N.D. Tex.).[6] |
| December 12, 2005 | Plaintiff is detained in custody pending disposition of the federal criminal action. *See id.* (doc. 8). |
| December 21, 2005 | Plaintiff is indicted on federal charges of conspiracy to defraud the United States and filing false claims against an agency of |

---

[4] The complaint identifies the cause number as M05-71834-A. The response identifies the cause number as M05-71131 – a cause number not listed in the original complaint. The complaint appears more accurate in this respect.

[5] Although Plaintiff does not specify when the arrest occurred, it likely occurred in July 2005 based upon the two days Plaintiff spent in custody during that month on the charge. The precise date of arrest is immaterial to resolution of this action.

[6] Plaintiff contends that he was in jail on all eight of his state cases commencing on November 30, 2005. (Resp. at 2.)

|  |  |
|---|---|
|  | the United States. *See id.* (doc. 9). |
| January 25, 2006 | A superseding indictment is brought against Plaintiff so as to add charges of mail fraud, use of a postal fictitious name or address in connection with unlawful activities, and aggravated identity theft. *See id.* (doc. 14). |
| May 18, 2006 | A jury finds Plaintiff guilty of all federal charges. *See id.* (doc. 78). |
| December 16, 2006 | The State dismisses Cause Nos. F05-21119, F05-34424. F05-50984, and F05-72254.[7] (Compl. at 3.) |
| March 13, 2007 | The State dismisses Cause Nos. M05-34694, M05-56688, M05-71331, and M05-71834. (Compl. at 3.) |

Plaintiff alleges generally that Defendants violated his civil rights between February 2005 and March 13, 2007. (Compl. at 1.) He asserts claims of "Constitutional deprivations suffered in a state and federal prosecution, tortious interference with prospective economic advantage, and civil conspiracy." (*Id.* at 1-2.) More particularly, he claims that Defendants violated his Fourth Amendment right to be free from unlawful arrests and seizures, his Fifth Amendment due process rights to be released on bond in the state and federal prosecutions, and his Sixth Amendment right to competent counsel and a fair trial relative to the federal criminal prosecution. (*Id.* at 3, 14-15.) Plaintiff seeks monetary damages, and wants the history of his insufficient/forfeited State bonds removed or expunged from his record. (Compl. at 18.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff proceeds *in forma pauperis* in this action. His complaint is thus subject to screening under 28 U.S.C. § 1915(e)(2). As a prisoner seeking redress from an officer or employee of a govern-

---

[7] Plaintiff contends that he was no longer detained due to his eight state cases as of December 16, 2006. (Resp. at 2.)

mental entity, Plaintiff's complaint is also subject to preliminary screening pursuant to § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Both of these sections provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Id.* at 1965. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. FACTUAL FRIVOLITY

Plaintiff asserts diverse claims that are loosely connected by his claim of civil conspiracy.

**A. <u>Conspiracy</u>**

Plaintiff claims that seven Dallas police officers and one Irving police officer conspired to (1) unlawfully arrest or detain him; (2) prevent him from obtaining bond; (3) prevent him from obtaining competent counsel and a fair trial; (4) deprive him a prospective economic advantage, and (5) cause him emotional distress. (Compl. at 16.) Defendants allegedly knew of this conspiracy because

4

their actions were recorded in police reports and computer databases and because the officers could converse with other law enforcement agencies, court staff and personnel, and prosecutors. (*Id.* at 16-17.)

This claim lacks an arguable basis in fact. Plaintiff's general allegations of a grand conspiracy between law enforcement officers at the state and federal levels from various cities to arrest him in a series of cases describe a fantastic or delusional scenario that entitle him to no relief. Because his factual allegations regarding a conspiracy are "fanciful, irrational, incredible, and delusional", his conspiracy claim may be summarily dismissed. *See Simmons v. Payne*, 170 Fed. App'x 906, 907 (5th Cir. 2006) (per curiam).

## B. Sixth Amendment Violation

Plaintiff alleges that defendants denied him his Sixth Amendment right to counsel. (Compl. at 15.) He ties defendants to this claim through the following tortuous logic: (1) defendants unlawfully arrested him on state charges between January and July 2005; (2) he was unlawfully detained and was unable to obtain bond after his November 2005 arrest on federal charges; and (3) he was thus unable to find a competent attorney to represent him. (*Id.*)

The Court should also find this claim factually frivolous. By his own allegations, Plaintiff was not detained any significant length of time until he was arrested and detained on the federal charges against him. He was on bond on his state cases and had ample opportunity to seek and retain an attorney of his choosing for those cases. As to the federal criminal action, Plaintiff retained counsel of his choosing to represent him at the federal detention hearing, arraignment, and pretrial conference. *See United States v. McClain*, No. 3:05-CR-0332-G (N.D. Tex.) (docs. 5, 12, 32). On

5

March 14, 2006, a different attorney appeared as retained counsel for Plaintiff and represented him through trial. *Id.* (docs. 35, 91). Except in Plaintiff's fanciful view of the events, no defendant had any involvement with respect to the attorneys that Plaintiff retained. His Sixth Amendment claim against defendants is as fanciful, irrational, incredible, and delusional, as his conspiracy claim and should be summarily dismissed.

## IV. STATUTE OF LIMITATIONS

Plaintiff's other claims clearly concern events that occurred in 2005. The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In such circumstances, courts may also dismiss the claims under § 1915A when it applies. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998).

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In view of Texas' two-year statute of limitations for personal injury claims, Plaintiff had two years from the date that his § 1983 claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

> Accrual of a § 1983 claim is governed by federal law:
>
> Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the

6

> injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this instance, Plaintiff's claims fall outside the applicable statute of limitation.[8] His filings establish that he knew the facts that form the basis for his claims in 2005. At the time of his six state arrests between January and July 2005, he would have known the alleged factual basis for his Fourth Amendment claims. Plaintiff undoubtedly became detained on his federal offenses no later than December 2005. At the very latest, the statute of limitations commenced on Plaintiff's Fourth Amendment claims in December 2005. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) (holding "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (following *Kato*). Because Plaintiff's Fifth Amendment claim is also premised on his failure to obtain release on bond with respect to the federal charges, he would have known the factual basis for that claim no later than when he was detained on the federal charges in December 2005. He would have also known the factual bases for his other claims no later than the date he was detained in December 2005. Plaintiff, however, filed this action approximately three years later.

---

[8] Although the Court speaks in terms of Plaintiff's "claims", such term of course refers only to the claims that were not addressed as factually frivolous.

Plaintiff suggests that his claims are timely because the State charges against him were not formally dismissed until December 16, 2006, and March 13, 2007. (*See* Compl. at 2-3 (addressing statute of limitations under Texas law).) The dismissal of those charges has no bearing on the claims in this action. The Court may therefore summarily dismiss Plaintiff's claims as untimely. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (holding that court may summarily dismiss the complaint filed *in forma pauperis*, if it is "clear" that claims asserted are barred by limitations).

Although Plaintiff's claims appear time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).

In this case, Plaintiff provides no basis for equitable tolling under Texas or federal law. Consequently, his claims should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A for his failure to file them within the statutory periods of limitations.

## V. SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro*

*se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff has been previously sanctioned for abusive litigation practices related to his federal criminal action and appeal. On August 14, 2007, the Fifth Circuit Court of Appeals barred him from filing "any further pleadings, motions, or correspondence in district court unless expressly permitted by federal statute, the Federal Rules of Civil Procedure, or the Federal Rules of Appellate Procedure." *See United States v. McClain*, No. 3:05-CR-0332-G (N.D. Tex.) (doc. 212) (noting sanctions). The Circuit also ordered that "[a]ny pleading, motion, or correspondence tendered by [Plaintiff] to the district clerk must reference the statute or rule authorizing its filing", and warned Plaintiff that "willful violations of this order" may result in the imposition of monetary sanctions. *Id.* On October 15 and 24, 2007, this Court reminded Plaintiff that "monetary sanctions may be imposed if he continues to file pleadings that do not comply with the requirements of the August 14, 2007 order." *Id.* On March 7, 2008, this Court monetarily sanctioned Plaintiff for violations of the August 14, 2007 order. *Id.* On August 12, 2008, this Court sanctioned Plaintiff for filing two more additional frivolous motions. *Id.* (doc. 222). It ordered that "no further pleadings of any kind may

9

be filed in district court without leave of court."⁹ *Id.*

Plaintiff has also filed a prior civil action that was dismissed as frivolous. *See McClain v. Terry*, No. 3:07-CV-2010-B, 2008 WL 2810163, at *5 (N.D. Tex. July 18, 2008) (accepting recommendation of Mag. J. to dismiss as frivolous Plaintiff's eighty-eight grounds for relief related to alleged constitutional violations and an alleged conspiracy related to his federal arrest and incarceration). Following the dismissal of that action, Plaintiff filed this suit against the eight police officers for their alleged roles in his current situation. Not only does he raise a factually frivolous conspiracy claim and Sixth Amendment violation to connect defendants to his current incarceration but his other claims are clearly untimely. He names eight police officers for six distinct state arrests in a single federal action.

In light of Plaintiff's litigation history and the series of progressively harsh sanctions he has already received for his vexatious conduct in his criminal action, additional sanctions are warranted. By filing a single action with diverse claims against eight different defendants, Plaintiff has avoided paying required filing fees under the Prison Litigation Reform Act. By filing this frivolous action, Plaintiff continues to abuse the litigation process. The Court should thus impose an appropriate monetary sanction payable to the Court, and bar Plaintiff from filing any future civil action or motion unless he provides proof of payment of such sanction. It should also definitively extend the August 12, 2008 sanction to require Plaintiff to obtain leave of court before filing any document in this Court, including civil motions and new civil actions.

---

⁹ Giving Plaintiff the benefit of the doubt, the Court construed the sanction as only barring matters filed in the criminal action.

## VI.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[10]  It should also **SANCTION** Plaintiff as recommended herein.

SIGNED this 19th day of March, 2009.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[10] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.